■ DONNA R. MULLADY, Respondent, v JOHN B. MULLADY, Appellant. [608 NYS2d 271] —In an action for divorce and ancillary relief, the defendant appeals from so much of an order of the Supreme Court, Kings County (Imperato, J.H.O.), dated October 31, 1991, as, upon reargument, adhered to the original determination, *inter alia,* denying his motion to dismiss the plaintiff's application for counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties entered into a written stipulation settling the issues, *inter alia,* of custody, child support, maintenance, and equitable distribution. The stipulation made no mention of counsel fees. However, at the conclusion of the inquest on the stipulation, the plaintiff's counsel made an oral application for fees which the trial court referred to a Judicial Hearing Officer for determination. The defendant moved to dismiss the fee application on the ground that it was barred by the merger and release provisions of the stipulation. By order dated March 18, 1991, the Judicial Hearing Officer denied the motion to dismiss the fee application and directed a hearing thereon. Thereafter, the Judicial Hearing Officer granted the defendant's motion for reargument, but adhered to its original determination.

Under the circumstances of this case, we find that the Judicial Hearing Officer properly denied the defendant's motion. Regardless of the import that merger and release clauses might have under other circumstances, the record here clearly shows that the defendant consented to having the issue of counsel fees, the lone unresolved issue between the parties, submitted to the court for its determination. Having agreed that the issue of counsel fees would be decided by the court, the defendant may not now complain that the fee application was barred.

We have examined the parties' remaining contentions and

find them to be without merit. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.